UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON RESCH #304507,

    Plaintiff,

v.

CATHOLIC CHARITIES OF JACKSON,
LENAWEE, AND HILLSDALE COUNTIES,
et al.,

    Defendants.
_____/

Case No. 1:21-cv-914

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants Gable and Dana Gonzales filed a Motion for Summary Judgment (ECF No. 25). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that the motion be granted (ECF No. 53). Plaintiff filed objections (ECF No. 63). In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies Plaintiff's objections and issues this Opinion and Order.

Plaintiff makes the same argument in each of his four objections. He argues that the Magistrate Judge erred in finding that there was insufficient specificity in his pleadings to show intimidation, and therefore the grievance process was available to him (ECF No. 63). Plaintiff claims that he was not required to exhaust his administrative remedies because, due to intimidation by Defendants, he was prevented from filing grievances (*id.*). Plaintiff relies on *Ross v. Blake,*

578 U.S. 632, 642 (2016), claiming that intimidation by Defendants rendered the grievance process unavailable to him (ECF No. 63 at PageID.487).

For Plaintiff to come under the "unavailable" exception in *Ross*, he needed to present "concrete and specific facts showing intimidation that would deter a person of ordinary firmness from continuing to use the prison's grievance process." *Sango v. Kennsey*, No. 1:19-CV-1047, 2021 WL 2535538 at *2 (W.D. Mich. Apr. 19, 2021); *Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576, 577-78 (6th Cir. 2014). After reviewing the entire record, the Court finds no error in the Magistrate Judge's analysis. The evidence provided by Plaintiff lacks the required specificity to show intimidation. *See e.g.*, *Hood v. Garza,* No. 7:18-CV-124, 2020 WL 1046953 at *2 (E.D. Ky. Mar. 4, 2020) (finding that "a reasonable jury could conclude that being threatened with and/or actually placed in four-point restraints for an extended time period would deter a person of ordinary firmness from continuing with the grievance process"); *Kirschke v. Schooley*, No. 20-11118, 2022 WL 2192927 at *5 (E.D. Mich. June 17, 2022) (holding that threatening to transfer the Plaintiff to another facility further from his family may have deterred Plaintiff from continuing with the grievance process). Therefore, Plaintiff failed to exhaust the administrative remedies available to him with respect to his claims against Defendants Gable and Gonzales. Defendants' Motion for Summary Judgement (ECF No. 25) is therefore granted.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 63) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 53) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 25) is GRANTED.

3

**IT IS FURTHER ORDERED** that Plaintiff's remaining claims against Defendants Gable and Gonzales are DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

Dated: December 19, 2022        /s/ Janet T. Neff
                                JANET T. NEFF
                                United States District Judge