UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON RESCH, #304507,

      Plaintiff,                               Hon. Janet T. Neff

v.                                         Case No. 1:21-cv-914

CATHOLIC CHARITIES OF JACKSON,
LENAWEE, AND HILLSDALE
COUNTIES et al.,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion to Dismiss. (ECF No. 149). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this matter terminated.

**BACKGROUND**

Plaintiff was previously incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) where the events giving rise to this action occurred. Plaintiff sued Defendants Catholic Charities of Jackson, Lenawee, and Hillsdale counties (hereafter Catholic Charities), DRF Advanced Substance Abuse Treatment (ASAT) program facilitator Arthur Dudley Campfield, MDOC Director Heidi Washington, DRF Warden Randee Rewerts, DRF ASAT

-1-

Coordinator Renae Turner, DRF Classification Director Beth Kindel-Daniels, and DRF Administrative Assistant Dana Gonzales.

Plaintiff's allegations have been exhaustively described previously. (ECF No. 8, 53). Briefly, Plaintiff's allegations arise from his attempts to participate in the ASAT program and his subsequent dismissal from the program. At this juncture, the only claim remaining in this matter is that Defendant Campfield, in response to Plaintiff's complaints that his hearing disability was not being sufficiently accommodated, retaliated against Plaintiff by terminating him from the ASAT program. (ECF No. 8-9, 53, 94). Defendant Campfield now moves to dismiss Plaintiff's remaining claim for failure to participate in discovery and failure to comply with the Court's Orders regarding such. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## ANALYSIS

On November 21, 2022, Plaintiff requested that this matter be stayed for 90 days because prison officials had allegedly seized many of his legal documents. (ECF No. 84). On November 30, 2022, Defendant Campfield moved the Court to grant Plaintiff's motion for stay. (ECF No. 86). Defendant argued that because Plaintiff was apparently not in possession of all his legal materials, Plaintiff had thus far been unable to respond to any discovery requests and, moreover, was unable to answer many questions during his deposition. (*Id.*).

The Court denied Plaintiff's request for a stay but did extend the discovery and dispositive motion deadlines by roughly 60 days. (ECF No. 23, 106). With respect to Plaintiff's motion to stay, the Court observed that "Plaintiff offers nothing suggesting that his legal property is likely to be returned prior to the expiration of any stay. Thus, a stay will likely accomplish nothing except delay resolution of this matter." (ECF No. 106). The Court further observed that "to the extent Plaintiff's ability to prosecute his present claims has been compromised, he has available more appropriate avenues of relief such as asserting an action for retaliation and/or violation of his right of access to the courts." (*Id.*).

In late January 2023, Defendant Campfield moved to continue his deposition of Plaintiff and also moved to compel Plaintiff to respond to his discovery requests. (ECF NO. 127, 131). Defendant noted that Plaintiff was unable to answer certain deposition questions because he was "presently without the means of consulting [his] relevant legal documents and/or work product notes." (ECF No. 131-3 at PageID.950). Plaintiff asserted that he was unable to consult these materials because they had been "seized" by prison officials. (*Id.* at PageID.952). Plaintiff further asserted that because of this seizure he was unable to respond to Defendant's discovery requests. (*Id.*).

The Court granted Defendant's motion to continue Plaintiff's deposition. (ECF No. 143). The Court also granted Defendant's motion to compel. As the Court noted, "[t]here is no dispute that Plaintiff has failed to respond to [the discovery] requests" in question. The Court reiterated that it "is not unsympathetic to Plaintiff's apparent loss

of certain documents and/or items which he believes he needs to prosecute this matter. Nevertheless, this circumstance does not authorize Plaintiff to simply disregard Defendant's discovery requests." Accordingly, the Court instructed Plaintiff that he "must instead respond to such requests as accurately and completely as possible, with the understanding that if he later recovers his confiscated materials, or any other items responsive to Defendant's discovery requests, Plaintiff must supplement his responses."

The Court, therefore, ordered Plaintiff to "provide responses to [the subject] discovery requests no later than 30 days from the date of this Order." The Court also expressly warned Plaintiff that if he "fails to timely comply with this Order, the undersigned will recommend that Plaintiff's remaining claims against Defendant Campfield be dismissed for failure to cooperate in discovery and failure to comply with the Court's orders." (*Id.*). Plaintiff failed to respond to Defendant's discovery requests prompting the present motion to dismiss.

Federal Rule of Civil Procedure 37(b)(2) provides that if a party "fails to obey an order to provide or permit discovery," the Court may dismiss the action in whole or in part. Fed. R. Civ. P. 37(b)(2). When considering whether to dismiss a claim for failure to obey an order or provide discovery, the Court considers the following factors: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the opposing party is prejudiced by the failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could result in dismissal; and (4) whether less drastic sanctions were first considered or imposed. *See*

*Mager v. Wisconsin Central Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019).  While no particular factor is dispositive, "dismissal is proper if the record demonstrates delay or contumacious conduct," defined as "behavior that is perverse in resisting authority and stubbornly disobedient."  *Ibid.*

Consideration of these factors leads the Court to conclude that dismissal of Plaintiff's remaining claim is appropriate.  Plaintiff's behavior is willful.  Again, the Court is not unsympathetic to Plaintiff's claim that many of his legal documents were confiscated.  As the Court advised Plaintiff, even if he was not in possession of the items requested by Defendant, he could nevertheless respond to the discovery requests.  As the Court stated:

> to the extent Defendant's discovery requests require Plaintiff to consult or produce documents which have been confiscated, Plaintiff can simply respond, if such is accurate, that he has no responsive documents within his possession, custody, or control.  Plaintiff would, of course, be bound by any such response.  Moreover, should Plaintiff later recover any of these confiscated documents, he would be obligated to supplement his discovery responses as necessary.

(ECF No. 143).

Plaintiff has failed to even do this.  Moreover, Plaintiff concedes that he was in possession of at least some of the documents requested by Defendant.  (ECF No. 153 at PageID.1054-60).  With respect to these documents, Plaintiff attributes his failure to provide discovery to an alleged inability to obtain photocopies.  As Plaintiff further concedes, however, he could have obtained copies of the material in question, but he refused to comply with instructions to obtain such.  (*Id.*).

Defendant is certainly prejudiced by Plaintiff's conduct. As Defendant argues, he "cannot adequately prepare a defense without the opportunity to review and ask Plaintiff about the documents he intends to rely on to support his claims for retaliation." Furthermore, Plaintiff was expressly cautioned that failure to respond to Defendant's discovery requests could lead to the dismissal of his remaining claims. Finally, Plaintiff's conduct is fairly characterized as "resisting authority and stubbornly disobedient." Accordingly, the undersigned recommends that Defendant's motion to dismiss be granted and Plaintiff's remaining claims against Defendant Campfield be dismissed with prejudice.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss (ECF No. 149) be granted and this matter terminated. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                          Respectfully submitted,

Date: August 15, 2023　　　　　　　　　/s/ Phillip J. Green
                                          PHILLIP J. GREEN
                                          United States Magistrate Judge